IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stacy W. Howard, ) | |
| Plaintiff, ) | Case No. 6:09-cv-2088-RMG |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Cecilia Reynolds, Warden ) | |
| Defendant. ) | |
| ) | |

This is a *pro se* action brought by a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. The Magistrate Judge issued a Report and Recommendation (Entry 51) on July 19, 2010 recommending that Respondent's Motion for Summary Judgment (Entry 18) be granted. Petitioner filed objections to the Report and Recommendation (Entry 55) on August 9, 2010. As explained herein, this Court agrees with the Report and Recommendation and grants the Respondent's Motion for Summary Judgment.

## LAW/ ANALYSIS

The Magistrate Judge makes only a recommendation. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. Matthew v. Weber, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(B)(1). This court may also "receive further evidence or commit the matter to the magistrate with instructions." Id. In the absence of

-1-

specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F. 2d 198 (4th Cir. 1983).

This Petition arises out of an April 24, 2004 conviction of Petitioner in Georgetown County, South Carolina for Assault and Battery of a High and Aggravated Nature ("ABHAN"). Pursuant to South Carolina Appellate Court Rule 203(b)(2), Petitioner had 10 days to file an appeal to his conviction. He filed no appeal and his conviction for this offense was final on May 3, 2004. Petitioner filed *pro se* an Application for Post Conviction Relief on July 29, 2004. This Application for Post Conviction Relief was dismissed by a South Carolina Circuit Judge John L. Breeden on November 1, 2006, after Petitioner twice failed to appear for his hearing. Petitioner took no appeal from Judge Breeden's order. Petitioner filed a second Application for Post Conviction Relief relating to the April 2004 ABHAN conviction on July 10, 2007. The State moved to dismiss this Application as impermissibly successive and time barred pursuant to S.C. Code § 17-27-45(A). This second Application was dismissed by South Carolina Circuit Judge Steven H. John on May 15, 2008. Petitioner then attempted to file an appeal from the denial of his second Application to the South Carolina Supreme Court but the appeal was dismissed on August 1, 2008, pursuant to South Carolina Appellate Court Rule 227(c)[1], because it was successive and time barred by the statute of limitations.

Petitioner filed this action on July 31, 2009, again seeking relief from his April 2004 ABHAN conviction in Georgetown County. Respondent moved on November 16, 2009 for summary judgment, asserting that the Petitioner's claim was time barred pursuant to the one year

---

[1] This rule is now designated as SCACR 243(c).

statute of limitations contained in 28 U.S.C. § 2244(d). In a careful and detailed analysis that need not be repeated here, the Magistrate Judge calculated Petitioner's statutorily allowed one year time period and concluded that Petitioner filed his Petition with this Court nearly two years after the expiration of the statute of limitations. (Entry 51, pp. 18-21) The Court has reviewed the calculations made by the Magistrate Judge regarding the statute of limitations, concluded that they are correct and adopts his findings and conclusions herein.[2]

Petitioner does not materially dispute the Magistrate Judge's conclusions regarding the calculation of the running of the statute of limitations, but seeks relief on the basis of equitable tolling. Petitioner essentially seeks to reargue claims asserted in prior proceedings that his tardiness in asserting his legal rights should be excused by his allegedly ineffective counsel and claim of "actual innocence." (Entry 55, pp.27-29, 37-38). It is well settled in this Circuit that equitable tolling should be reserved to those "rare instances" where "due to circumstances external to the party's own conduct" it would be "unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F. 3d 325, 330 (4th Cir. 2000). The Court has made a review of the entire record and has found no basis to invoke equitable tolling in this matter.[3]

---

[2] Petitioner's second PCR application did not toll the period of limitations as it was not "properly filed" since it was dismissed as barred by the state statute of limitations for filing PCR applications. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (finding that time-barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling).

[3] Petitioner moved on August 23, 2010, subsequent to the issuance of the Magistrate Judge's Report and Recommendation, to supplement the record with 160 pages of documents. (Entry 62 and 62-1) In order to provide the *pro se* Petitioner every opportunity to assert his claim, particularly in regard to his request for equitable tolling, the Court hereby grants that Motion and has conducted a review of those records. The Court finds those records confirmed the calculations and findings of the Magistrate Judge regarding the exhaustion of the statute of limitations and otherwise did not address in any material way the request for equitable tolling.

Finally, Petitioner moved subsequent to the Magistrate Judge's Report and Recommendation to Amend his Petition (Entry 57) and for Leave to Return to State Court (Entry 58). The Court is mindful that Congress, in adopting the Antiterrorism and Effective Death Penalty Act of 1996, intended to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law." Williams v. Taylor, 529 U.S. 362, 386 (2000). The one year statute of limitations, adjusted where necessary by principles of equitable tolling, is an important element of the Congressional strategy of bringing finality to state criminal proceedings and preventing endless relitigation of such state proceedings in federal court. The Court finds that the returning of this matter to state court for what would be a third and clearly successive Application for Post Conviction Relief pursuant to S.C. Code § 17-27-45(A) and would be an act of futility. The Court denies the Motion for Leave to Return to State Court (Entry 58). Additionally, the Court denies the Petitioner's Motion to Amend the Petition (Entry 57) because with the Court's decision regarding the expiration of the statute of limitations the amendment would be an act of futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

Accordingly, the Respondent's Motion for Summary Judgment (Entry 18) is **GRANTED**, Petitioner's Motion to Supplement the Record (Entry 62) is **GRANTED**, and Petitioner's Motions to Amend (Entry 57) and Leave to Return to State Court (Entry 58) are **DENIED.**

### Certificate of Appealability

The governing law provides that:

>(c)(2) A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right.

>(c)(3) The certificate of appealability...shall indicate which specific issue or

issues satisfy the showing required by paragraph (2). 28 U.S.C. § 2253(c).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable. See, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F. 2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 27, 2010
Charleston, South Carolina

-5- (wrapped below)